

IN THE

# Court of Appeals of Indiana

Nathan A. Floring,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

FILED

Aug 06 2026, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

August 6, 2026

Court of Appeals Case No.
25A-CR-3189

Appeal from the Johnson Superior Court

The Honorable Douglas B. Cummins, Judge

Trial Court Cause No.
41D03-2401-F6-10

**Opinion by Chief Judge Tavitas**
Judges Bradford and Felix concur.

**Tavitas, Chief Judge.**

## Case Summary

In this interlocutory appeal, Nathan Floring ("Floring") appeals the trial court's denial of his motion to dismiss charges for possession of methamphetamine, a Level 6 felony, and possession of paraphernalia, a Class C misdemeanor. We affirm.

## Issue

Floring raises one issue, which we restate as whether the trial court erred by denying Floring's motion to dismiss pursuant to the immunity provisions of Indiana Code Section 16-42-27-2 ("Aaron's Law").

## Facts

On December 28, 2023, officers with the Greenwood Police Department were dispatched to a residence regarding a female overdosing. The 911 caller, Angela Floring ("Angela"), who is Floring's sister, informed the dispatcher that three doses of naloxone had been administered to the female. When officers arrived, Floring was performing CPR on LeAnn Urbanski. Urbanski was transported to the hospital for treatment, and officers obtained consent to search the residence. During the search, officers discovered methamphetamine and a burnt metal spoon in Floring's bedroom. Angela told officers that Floring did not want her to call 911 in response to Urbanski's overdose.

[4] The State charged Floring with possession of methamphetamine, a Level 6 felony, and possession of paraphernalia, a Class C misdemeanor. The State also alleged that Floring is an habitual offender.

[5] Floring filed a motion to dismiss pursuant to Indiana Code Sections 16-42-27-2(g) and (h). Floring argued that he was immune from criminal prosecution. Floring, however, did not submit any required affidavits with his motion. In response, the State argued that: (1) Floring failed to satisfy the procedural requirements for a motion to dismiss found in Indiana Code Section 35-34-1-8 by failing to submit affidavits; and (2) the requirements for immunity found in Indiana Code Section 16-42-27-2 had not been met. The State submitted additional evidence, including the 911 call and the officer's body camera video, pursuant to Indiana Code Section 35-34-1-8(b). In the body camera video, Angela told officers that Floring did not want her to call 911 in response to Urbanski's overdose.

[6] The trial court denied Floring's motion to dismiss. The trial court found that the requirements of Indiana Code Section 16-42-27-2(g) had not been met because:

> not only was [Floring] not the individual who contacted law enforcement as required in subsection seven (7), bodycam video from the night in question, admitted as State's Exhibit 2, indicates another individual had to make the decision to call law enforcement and had to convince [Floring] of the need for the same.

Appellant's App. Vol. II p. 43. Floring requested permission to pursue an interlocutory appeal, which we granted.

## Discussion and Decision

[7] Floring challenges the trial court's denial of his motion to dismiss the charges against him. We review a "ruling on a motion to dismiss a charging information for an abuse of discretion, which occurs only if a trial court's decision is clearly against the logic and effect of the facts and circumstances." *State v. Katz*, 179 N.E.3d 431, 440 (Ind. 2022). To the extent the motion turns on a pure question of law, we review that question of law de novo. *Anderson v. State*, 243 N.E.3d 389, 391 (Ind. Ct. App. 2024), *trans. denied*.

[8] Indiana Code Chapter 35-34-1 governs the filing of a motion to dismiss. Indiana Code Section 35-34-1-4(a)(6) allows the dismissal of an information if "[t]he defendant has immunity with respect to the offense charged." Indiana Code Section 35-34-1-8(a), however, provides:

> **If the motion is expressly or impliedly based upon the existence or occurrence of facts, the motion shall be accompanied by affidavits containing sworn allegations of these facts**. The sworn allegations may be based upon personal knowledge of the affiant or upon information and belief, provided that in the latter event the affiant discloses the sources of the information and the grounds for the belief. If the motion is expressly or impliedly based upon the existence of any question of law, the motion shall be accompanied by a memorandum stating specifically the legal question in issue. The defendant may also submit documentary evidence tending to support the allegations of the motion.

(emphasis added).

[9] The State argues that Floring's motion fails because he failed to attach affidavits despite factual assertions in his motion. In his motion, Floring contended that he "received the naloxone from his treatment provider," and that he "was party to summoning emergency services while contemporaneously administering the intervention drug," but he provided no affidavit to establish these facts and the motion to dismiss was not signed and verified by Floring. Appellant's App. Vol. II pp. 23-24. Given Floring's failure to file affidavits as required by Indiana Code Section 35-34-1-8(a), the trial court properly denied Floring's motion.

[10] Moreover, even if Floring had filed the required affidavits to support his factual assertions, his motion fails on the merits. Floring's argument requires that we interpret Aaron's Law, which provides immunity protections for certain individuals who assist in opioid overdose situations. *See* John Millikan, *Last Line of Defense: How Indiana Can Encourage Naloxone Availability During Its Opioid Crisis*, 52 IND. L. REV. 329, 344 (2019).

[11] When asked to interpret a statute, we start with the text of the statute itself. *Fix v. State*, 186 N.E.3d 1134, 1139 (Ind. 2022). "When the statute is clear and unambiguous, we avoid judicial construction by interpreting its words in their plain and ordinary meaning." *Id.* "But when a statute permits more than one reasonable interpretation, we consider that statute ambiguous." *Id.*

[12] When a statute is ambiguous, we resort to the rules of statutory construction to determine its meaning. *Id.* "In criminal cases, this includes the rule of lenity— a rule that requires us to construe a penal statute strictly against the State while resolving any ambiguities in favor of the defendant." *Id.* "But even under this rule, we avoid construing a statute so narrowly as to exclude cases they fairly cover." *Id.* (internal quotations omitted). We presume the "legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals." *Id.*

[13] Indiana Code Section 16-42-27-2 provides in relevant part:

> (g) A law enforcement officer may not take an individual into custody based solely on the commission of an offense described in subsection (h), if the law enforcement officer, after making a reasonable determination and considering the facts and surrounding circumstances, reasonably believes that the individual:
>
> > (1) obtained the overdose intervention drug as described in subsection (a)(1)[1];

---

[1] Indiana Code Section 16-42-27-2(a)(1) provides:

A prescriber may, directly or by standing order, prescribe or dispense an overdose intervention drug without examining the individual to whom it may be administered if all of the following conditions are met:

(1) The overdose intervention drug is dispensed or prescribed to:

(A) a person at risk of experiencing an opioid-related overdose; or

(B) a family member, a friend, or any other individual or entity in a position to assist an individual who, there is reason to believe, is at risk of experiencing an opioid-related overdose.

(2) complied with the provisions in subsection (d)[2];

(3) administered an overdose intervention drug to an individual who appeared to be experiencing an opioid-related overdose;

(4) provided:

    (A) the individual's full name; and

    (B) any other relevant information requested by the law enforcement officer;

(5) remained at the scene with the individual who reasonably appeared to be in need of medical assistance until emergency medical assistance arrived;

(6) cooperated with emergency medical assistance personnel and law enforcement officers at the scene; and

(7) came into contact with law enforcement because the individual requested emergency medical assistance for

---

[2] Indiana Code Section 16-42-27-2(d) provides:

An individual described in subsection (a)(1) may not be considered to be practicing medicine without a license in violation of IC 25-22.5-8-2, if the individual, acting in good faith, does the following:

(1) Obtains the overdose intervention drug from a prescriber or entity acting under a standing order issued by a prescriber.

(2) Administers the overdose intervention drug to an individual who is experiencing an apparent opioid-related overdose.

(3) Attempts to summon emergency services either immediately before or immediately after administering the overdose intervention drug.

another individual who appeared to be experiencing an opioid-related overdose.

(h) An individual who meets the criteria in subsection (g) is immune from criminal prosecution for the following:

\* \* \* \* \*

(2) IC 35-48-4-6.1 (possession of methamphetamine).

\* \* \* \* \*

(4) IC 35-48-4-8.3 (possession of paraphernalia).

\* \* \* \* \*

The trial court found that Floring did not qualify for immunity under Indiana Code Section 16-42-27-2 because he is not the individual who requested emergency medical assistance. Rather, Angela is the individual who contacted 911 regarding Urbanski's overdose, and in fact, Angela told officers that Floring did not want her to call 911 in response to the overdose.

Floring argues that the statute does not require that he personally placed the 911 call for immunity to apply and that the trial court's interpretation produces "absurd" results. Appellant's Br. p. 9. We find Floring's arguments to be without merit.

Floring contends that Aaron's Law "was enacted to encourage individuals to seek emergency medical assistance during opioid overdoses without fear of

criminal prosecution for low-level drug offenses." *Id.* at 5. According to Floring, this Court "should interpret this type of statute broadly to encourage lifesaving conduct." *Id.* at 9. The State responds that the General Assembly "intentionally conditioned immunity on a number of specific factors requiring personal action—not merely presence at the scene of an overdose." Appellee's Br. p. 12. The State further contends that the General Assembly:

> could have chosen to provide blanket immunity for any drug possession crimes committed by anyone at the scene of a suspected overdose where someone has requested emergency medical assistance. Instead, the legislature chose to incentivize drug users to: obtain naloxone lawfully, administer it properly, personally summon medical assistance, and cooperate fully with law enforcement. These requirements ensure that immunity is granted only to individuals who act responsibly and transparently—not to those who hide drugs, mislead police, or rely on others to take lifesaving steps.

*Id.* at 13.

[17] The plain language of the statute requires that Floring demonstrate that he "came into contact with law enforcement because **the individual requested** emergency medical assistance for another individual who appeared to be experiencing an opioid-related overdose." I.C. § 16-42-27-2(g)(7) (emphasis added). Accordingly, the statute requires that Floring demonstrate that he came into contact with law enforcement because he had requested emergency medical assistance for Urbanski, who appeared to be experiencing an opioid-related overdose. The undisputed evidence, however, indicates that Floring

was not the individual who requested emergency medical assistance due to Urbanski's overdose. We do not find the fact that our General Assembly enacted a statute to provide immunity to certain specified individuals under specific circumstances to be absurd. Under these circumstances, even if Floring had complied with the procedural requirements of Indiana Code Section 35-34-1-8(a), Floring was not entitled to immunity under Indiana Code Section 16-42-27-2, and the trial court did not abuse its discretion by denying Floring's motion to dismiss.

## Conclusion

[18] The trial court's denial of Floring's motion to dismiss was not an abuse of discretion. Accordingly, we affirm.

[19] Affirmed.

Bradford, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT

Michael J. Kyle
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana